## COMELANDER v. BIRD.

1. A party may prove that the note sued on, was given in consideration of the purchase of a brick-yard, and that the vendor agreed in consideration of the sale, not to make bricks in the town of Cahawba.

2. The promises being independent, the agreement not to make bricks in the town, could not be pleaded in bar of the action, but evidence of the fact would be admissible, to reduce the damages.

3. Testimony that the bricks made by the defendant were not marketable, would be admissible on the part of the plaintiff, to show that the defendant had sustained no injury by the plaintiff's breach of the contract; but he could not show merely, that his bricks were of better quality than those of the defendant.

115

Error to the Circuit Court of Dallas.

Assumpsit by the plaintiff in error, on a promissory note, made by the defendant to him, on the 7th September, 1843, for the payment on the first January, 1846, of $200.

The defendant pleaded—1. Non-assumpsit. 2. Payment. 3. Failure of consideration. 4. Partial failure of consideration; and nine other pleas which are not necessary to be here set out, as the same questions arise upon the evidence. The plaintiff demurred to the last ten pleas. The court sustained the demurrer to the fourth plea and overruled it, as to the remaining nine pleas.

Upon the trial before the jury, the defendant introduced a witness to prove that the note sued on, together with two others, one for $200, and one for $150, had been given for a brick-yard in the town of Cahawba, and the good will of the trade, and that the other notes had been paid. It was proved that the plaintiff had executed a deed to the defendant for the brick-yard, and put him in possession of the same. The defendant offered to prove that the plaintiff, at the time of the sale of the brick-yard, and as a part of the contract for the same, verbally agreed with the defendant, that he would not make any more bricks for sale in the town of Cahawba, and that there had been a breach of this contract on the part of the plaintiff. The plaintiff objected to this testimony, but it was admitted, and he excepted.

The plaintiff then offered to prove, that the defendant had not sustained any loss by the breach of the contract for the good will of the trade, by showing that the bricks made by the defendant were of so inferior a quality, that they could not be sold in the market, which evidence the court ruled out, and the plaintiff excepted.

These matters, together with the overruling of the demurrer to the nine special pleas, is now assigned as error.

Evans, for plaintiff in error.

ORMOND, J.—The admission of the testimony objected to, did not violate the rule, that parol evidence is inadmissi-

ble to add to, or vary a written contract. The contract for the good will of the trade, does not appear to have been reduced to writing, though it constituted, with the sale of the brick-yard, the consideration of the notes. The conveyance of the brick-yard, was not the contract of the parties, nor does it profess to be so. The proof then, that the plaintiff agreed not to make bricks for sale in the town of Cahawba, was merely proving the consideration of the notes.

The nine special pleas, set forth in different aspects this contract, by which the plaintiff agreed not to make bricks in the town of Cahawba, and that in violation of the contract, he did make bricks and sell them, to various persons, by means whereof the defendant sustained damage to the amount of the note in suit. The contract of the defendant to pay the price agreed on, and that of the plaintiff not to carry on the business of brick making at Cahawba, are wholly independent, and upon well established principles it follows, that a breach of the agreement by either, would be no bar to an action by the other; and from this it results, that these pleas were not well pleaded in bar of the action, and the demurrers to them should have been sustained.

But although the breach of the agreement by the plaintiff, was no bar to his action on the note, yet we think the proof was admissible in reduction of the damages. This question has been several times before this court, and in Ready and Banks v. The Mayor and Aldermen of Tuskaloosa, 5 Ala. 337, we say, "it is certainly consonant to justice, that a party should be permitted, when sued for a breach of his contract, to reduce the damages by showing the injury he has sustained by the failure of the other party to comply with the contract on his part, instead of driving him to his cross action, thereby multiplying suits, and increasing litigation without any corresponding benefit." These remarks are peculiarly applicable to this case. If the defendant was induced to purchase the brick yard, in the expectation that he would not have to compete with the plaintiff, and if by such competition he afterwards sustained a loss, it is manifest he should not be compelled to pay for a benefit which he did not receive.

The question being what injury the defendant had sus-

tained by the breach of the plaintiff's contract, it was certainly competent for him to show that the breach of the contract had done the defendant no injury. This he proposed to do, by proving that the bricks of the defendant were of so inferior a quality, that they could not be sold in the market. We do not think the plaintiff could evade his contract, by making bricks of a better quality than the defendant, but if he could prove, that the defendant's bricks were so inferior that they were not marketable, and would therefore have remained on his hands if the plaintiff had not manufactured and offered a better article, it would prove that the breach of the contract had done him no injury.

Let the judgment be reversed and the cause remanded.